IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-00891-MSK-BNB

JECKONIAS N. MURAGARA,

Plaintiff,

v.

MACKENZIE PLACE UNION, LLC, d/b/a The Mackenzie Place - Colorado Springs,

Defendant.

_____

**ORDER**
_____

This matter arises on the following:

1. **Plaintiff's Response to Denfendant's** [sic] **Stipulation of Dismissal With Prejudice** [Doc. #28, filed 07/11/2013] (the "First Motion for Sanctions");

2. **Defendant MacKenzie Place Union, LLC, D/B/A The MacKenzie Place - Colorado Springs' Motion to Strike Plaintiff's Response to Denfendant's [sic] Stipulation of Dismissal with Prejudice and for Sanctions** [Doc. #29, filed 07/19/2013] (the "Motion to Strike"); and

3. **Reply to Defendant's Stipulation of Dismissal With Prejudice** [Doc. #31] (the "Second Motion for Sanctions"), filed 08/05/2013].

The First and Second Motions for Sanctions are STRICKEN.  The Motion to Strike is GRANTED IN PART and DENIED IN PART.

On January 29, 2013, the defendant filed a motion requesting a settlement conference and a stay of the case [Doc. #21].  The defendant stated that it had initiated settlement discussions

with the plaintiff, and the plaintiff had declined to present a counter-offer. The defendant requested that the court schedule a settlement conference and stay the proceedings pending conclusion of the settlement conference. The district judge denied the defendant's motion on June 6, 2013 [Doc. #27].

In his First and Second Motions for Sanctions, the plaintiff seeks sanctions against the defendant for filing a stipulation of dismissal with prejudice. The plaintiff's request is inexplicable. The defendant has not filed a stipulation of dismissal with prejudice. The defendant's motion has been denied, and the case is progressing. The plaintiff has not provided any basis for sanctions against the defendant, and his requests for sanctions are frivolous.

Moreover, the First and Second Motions for Sanctions are replete with immaterial and impertinent statements and *ad hominem* attacks against defense counsel. The plaintiff accuses defense counsel of "trying to mislead this courtroom Judge" and characterizes her actions in filing the motion as "unthinkable"; "misleading, lying and obstruction of JUSTICE"; "punishable by law"; and "abusive of legal ethic [sic]." He accuses defense counsel of being "out of touch"; not "smart enough"; "continuously lying"; lacking "a good sense of human [sic]"; arrogant; negligent; and lacking "good faith in helping her clients."

The Federal Rules of Civil Procedure allow the court, on its own initiative at any time, to strike any immaterial or impertinent matter. Fed. R. Civ. P. 12(f). I will not tolerate the plaintiff's immaterial and impertinent statements and *ad hominem* attacks against defense counsel. The First and Second Motions for Sanctions are stricken.

Further, the plaintiff titled his papers as a response and a reply. Pursuant to his electronic filing privileges, he docketed the response as a "First Motion to Enforce Judgment re 23 Consent

to Jurisdiction of Magistrate Judge by Plaintiff Jeckonias N. Muragara" and he docketed the reply as a "First Motion for Sanctions *For Misleading the Court*, First MOTION to Disqualify Counsel *Ethics* by Plaintiff Jeckonias N. Muragara."  The plaintiff has failed to comply with the court's ECF Civil Procedures, Section 3.2B and the ECF User Manual, Chapter 5.  Therefore, the plaintiff's electronic filing privileges are terminated.

Finally, the plaintiff has attached to the First Motion for Sanctions a copy of the proposed Settlement Agreement, Release, and Waiver and a copy of the proposed Stipulation of Dismissal with Prejudice.  In its Motion to Strike, the defendant requests that the First Motion for Sanctions be stricken from the record and that the plaintiff be sanctioned for violating Rule 408 of the Federal Rules of Evidence.

Rule 408 provides in general that offers of settlement are not admissible.  Placing the proposed Settlement Agreement, Release, and Waiver into the public record runs afoul of the purpose of Rule 408.  Accordingly, the defendant's request that it be stricken is granted.  The defendant's request for sanctions is denied.

IT IS ORDERED:

1.  The First Motion for Sanctions [Doc. #28] and the Second Motion for Sanctions [Doc. #31] are STRICKEN;

2.  The Motion to Strike [Doc. #29] is GRANTED insofar as it requests that the First Motion for Sanctions be stricken and DENIED to the extent it seeks sanctions against the plaintiff;

3.  The plaintiff must cease filing papers related to offers of settlement; frivolous papers; and papers containing immaterial and impertinent statements and *ad hominem* attacks against

defense counsel, and his failure to comply with this order will result in sanctions, including dismissal of this case with prejudice; and

    4.   The Clerk of the Court shall cause the plaintiff's electronic filing privileges to be terminated.

    Dated August 14, 2013.

                                    BY THE COURT:

                                    s/ Boyd N. Boland
                                    United States Magistrate Judge